| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Telephone: (212) 603-6300<br>Facsimile: (212) 956-2164<br>**A. Mitchell Greene, Esq.**<br>*Attorneys for the Reorganized Debtor* | **Hearing Date and Time:**<br>**September 9, 2014 at 9:30 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

                                        Confirmed Chapter 11

In re:

**EMMONS-SHEEPSHEAD BAY**                 Case No.: 12-46321 (ESS)
**DEVELOPMENT, LLC,**

                  Debtor.
-------------------------------------------------------- X

**METROPOLITAN ESTATES, INC., ALEX**      Adv. Pro. No. 14-01003 (ESS)
**DIKMAN, ALBERT WILK D/B/A WILK**
**REAL ESTATE, LTD., and**
**METROPOLITAN ESTATES, INC., ALEX**
**DIKMAN, and ALBERT WILK**
**derivatively**
**on behalf of EMMONS AVENUE, LLC**,

Plaintiffs,

v.

**EMMONS-SHEEPSHEAD BAY**
**DEVELOPMENT LLC**,

Defendant.
_____

# MOTION FOR ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO RULE 7012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND GRANTING RELATED RELIEF

{00687193.DOC;1 }614259-2

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

Emmons-Sheepshead Bay Development, LLC, the defendant and reorganized debtor herein (the "**Debtor**"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., hereby submits this motion for an order dismissing the amended complaint filed in this adversary proceeding commenced by the plaintiffs: Metropolitan Estates, Inc., Alex Dikman, Albert Wilk d/b/a Wilk Real Estate, Ltd. and Metropolitan Estates, Inc., Alex Dikman and Albert Wilk, derivatively on behalf of Emmons Avenue, LLC[1] (collectively, the "Plaintiffs" of the "Metropolitan Group"), pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 12(b)(6) and for related relief. In support thereof the Debtor respectfully represents as follows:

## PRELIMINARY STATEMENT:

1. After actively participating in the Debtor's chapter 11 case, including (1) objecting to the Debtor's disclosure statement, which objection was overruled by this Court, (2) objecting to the Debtor's second amended plan of reorganization (the "Plan"), which objection was specifically limited to the issue of whether the Plan was proposed in good faith and not by any means prohibited by law in accordance with Section 1129 (a)(3) of Title 11 of the United States Code (the "Bankruptcy Code"), and also overruled by this Court, (3) a failed motion to reconsider or vacate entry of the confirmation (the "Confirmation Order"), and (4) an appeal of the order denying the motion to vacate the Confirmation Order, which appeal remains pending, the Plaintiffs, on January 6, 2014, the last possible date to seek revocation of a confirmation

---

[1] As a threshold matter, the claims filed by Albert Wilk, Claim No. 11 and Alex Dikman, Claim no. 13 in their individual capacity have been expunged by order of this Court, and therefore they have no standing as Plaintiffs in their individual capacity. The claims of Metropolitan Estates on its own behalf and in a derivative capacity, claims 8 and 9 and the claim of Wilk Real Estate, claim 10, were resolved on the record of the December 12, 2013 hearing on the Debtor's objection to claims.

order pursuant to Section 1144 of the Bankruptcy Code, filed its original complaint (ECF doc. no. 1). Plaintiffs failed to serve the original complaint. More than 90 days thereafter, the Plaintiffs filed the Amended Complaint Seeking (I) to Revoke Confirmation Order, Pursuant to 11 U.S.C. Section 1144 and Fed. R. Bankr. P. 7001(5), because Such Order was Procured by Fraud and (II) to Revoke Debtor's Discharge Pursuant to 11 U.S.C. Section 1144(2) and in Violation of Due Process and Lack of Candor on Behalf of the Debtor (ECF doc. no. 6) (the "Amended Complaint"). After a subsequent 75 day delay due to Plaintiffs' failure to properly serve the Amended Complaint, Plaintiffs obtained a new summons and the Amended Complaint was finally served. The Amended Complaint does not support the extraordinary relief requested, *i.e.*, revocation of the Confirmation Order, and thus fails to state a claim upon which relief may be granted and must be dismissed, with prejudice. Plaintiffs continued, unrelenting, and unwarranted litigious posture cannot continue and should not be countenanced by this Court. Plaintiffs' arguments and allegations in the Amended Complaint are a recitation of all of their previous pleadings filed in the Debtor's bankruptcy case, all of which have been overruled by this Court. In addition, Plaintiffs are pursuing an appeal of the order denying their motion to vacate the Confirmation Order, which is for the most part duplicative of the Amended Complaint. The Appellate Court should be the only forum in which the Plaintiffs are allowed to pursue the relief requested with respect to the Debtor. Any state court litigation against non-debtor parties continues to proceed.

2. The Plan process was fair, the Debtor's Plan was found to have been proposed in good faith, and the Confirmation Order was not procured by fraud. The Plan has been substantially consummated and subsequent to the Plan's effective date, the Property was sold to

an independent third party, 3112 Emmons Lofts LLC. Any challenge to the Confirmation Order at this juncture is moot and should be rejected.

3. Despite all evidence to the contrary, Plaintiffs continue to claim that they did not receive a meaningful confirmation hearing in violation of their due process rights and continue to improperly assert that the Property at issue (as defined below) is held in a constructive trust and is therefore not property of the Debtor's estate. But the record is clear that the Plaintiff's due process rights were not violated and there was no imposition of a constructive trust established prior to the Petition Date. Moreover, as set forth above, the Debtor's real property consisting of 49 unsold condominium units, 43 parking space units and the marina unit at the condominium known as the Breakers of Sheepshead Bay Condominium located at 3113-3144 Emmons Avenue, Brooklyn, New York (the "Property") was sold, as evidenced by a deed dated November 26, 2013, a copy of which was attached to the Plan Administrator's post confirmation operating report filed on December 27, 2013 (ECF doc. no. 163) and attached to his disbursement affirmation filed on May 14, 2014 (ECF doc. no. 178), thereby rendering the relief requested impractical, and impossible to restore the *status quo ante*.

4. Metropolitan Group's argument that they were somehow deprived of their due process rights as they did not receive a meaningful hearing is entirely without basis. The Metropolitan Group actively participated in the Debtor's bankruptcy case from its inception. The Bankruptcy Court took considerable time and rendered comprehensive and thorough determinations in its rulings at the conclusion of the confirmation hearing and the motion to reconsider where the Court noted that not being successful is different than not being heard. Ultimately, the arguments raised by the Plaintiffs have been heard repeatedly and denied

repeatedly and they should not be provided with unending opportunities to revisit prior orders to the detriment of other interested parties.

5. The Amended Complaint is the Metropolitan's Group's 4th attempt to unravel confirmation, is unwarranted and must be dismissed. In fact, having participated in proceedings before this Court where the same issues were raised and decided against them, the Plaintiffs are precluded from raising these issues again in the adversary proceeding seeking revocation of the Confirmation Order. On a procedural basis, the Amended Complaint refers to various exhibits which were neither filed nor served with the Amended Complaint. Even were the documents attached, the Debtor submits that the Plaintiffs' interpretations of the documents, as well as the various conclusions Plaintiffs reach in the Amended Complaint with respect thereto are unsupported by the documentary evidence. The Debtor confirmed its Plan over the objections of the Metropolitan Group, whose objection at the confirmation hearing was limited specifically to the single issue of whether the plan was proposed in good faith in accordance with Section 1129(a)(3) of the Bankruptcy Code. Nothing new is presented in the Amended Complaint that was not previously raised to the Court and overruled which would lead to a different conclusion now with respect to confirmation of the Plan and the Amended Complaint fails to evidence Metropolitan Group's claim that the Confirmation Order was procured by fraud.

6. As the Amended Complaint fails to raise any new information or allegations, Debtor respectfully refers the Court to and is incorporating herein by reference its Objection to Motion of Albert Wilk d/b/a Wilk RE, Alex Dikman and Metropolitan Estates to Reopen Confirmation Proceeding, Vacate Order Confirming Plan and Reconsider for Relief Under Rule 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (ECF doc. no. 134) a copy of

which is attached hereto, which Objection sets forth the relevant background and facts and which addresses the majority of the allegations set forth in the Amended Complaint[2].

## ARGUMENT:

**THE ADVERSARY PROCEEDING SHOULD BE DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO SECTION 1144 OF THE BANKRUPTCY CODE**

7. Section 1144 of the Bankruptcy Code provides that,

On request of a party in interest at any time before the 180 days after the date of entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

8. Revocation of a confirmation order is a drastic remedy that requires a court to make a determination "if and only if" such order was procured by fraud. "Section 1144 creates a high standard for overturning confirmation consistent with the policy of finality with respect to chapter 11 plans." See Colliers on Bankruptcy, ¶1144.02[1]. While fraud is not defined in the Bankruptcy Code, it has been generally interpreted by other courts to require the party seeking revocation of a confirmation order under Section 1144 to demonstrate actual fraudulent intent in procuring a confirmation order. See, *Tenn-Fla Partners v. First Union Nat'l Bank of Fla.* (*In re Tenn-Fla Partners*), 226 F. 3d 746, 750 (6th Cir. 2000); *Morgenstein v. Motors Liquidation Co.* (*In re Motors Liquidation Co.*), 462 B.R. 494,505 (Bankr. S.D.N.Y

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Debtor's Objection to the Motion to Vacate Confirmation Order.

{00687193.DOC;1 } 6

2012), *Ogden v. Ogden Modulars, Inc.* (*In re Ogden Modulars, Inc.*), 180 B.R. 544, 547 (Bankr. E.D.Mo. 1995).

9. In this Debtor's case, the Confirmation Order was not procured by fraud. Plaintiffs appear to rely on the State Court Litigation and Judge Dabiri's decision with respect to a summary judgment motion to evidence what they claim is the imposition of a constructive trust on the Property and a fraudulent conveyance of the Property. Yet, as the Court has already determined, this is an inaccurate reading of the decision. The Plaintiffs allegations that the Property is not property of the estate and was fraudulently conveyed are merely allegations that have not been adjudicated on the merits. Furthermore, information related to the ownership of the Property and the dispute with the Plaintiffs was repeatedly disclosed by the Debtor in various pleadings filed in the bankruptcy case. In fact, on page 2 of the Debtor's disclosure statement, the Debtor acknowledges: "[T]he Property was originally owned by Emmons Avenue LLC, an affiliate of the Debtor. Emmons Avenue LLC and the Debtor were parties to a lease dated December 29, 2004, which provided the Debtor with an option to purchase the Property. Pursuant to ACRIS records and certain definitive documents, the lease and memorandum of lease were terminated and the Property conveyed to the Debtor in 2008." This information was included in substantially all of the Debtor's pleadings, dating back to its financing motion filed on December 4, 2012 (ECF doc. no. 22). The disclosure statement also contains an entire section devoted to the Plaintiffs, referencing the various agreements between the parties and the State Court Litigation.

10. In addition, in the Debtor's objection to the unsecured claim filed against the Debtor by Metropolitan Estates, Inc., denoted as Claim No. 8 and to the unsecured claim filed

against the Debtor by Metropolitan Estates, Inc. in a Derivative Capacity on Behalf of Emmons Avenue, LLC, denoted as Claim No. 9, the objection noted at paragraph 14:

> "As a preliminary matter, an argument can be made that the Metropolitan Agreement and the Amendment are not with the Debtor, but with Emmons Avenue LLC, the original owner of the Property and are therefore not valid claims against the Debtor. However, it has always been the Debtor's position that, subsequent to the conveyance of the Property from Emmons Avenue LLC to the Debtor, the Metropolitan Agreement and the Amendment be deemed to be contracts with the Debtor. Accordingly, the Debtor is not utilizing this as a basis to expunge the Claims. The Debtor does however object to the Claims for the reasons set forth herein."

11. Plaintiffs allegations also misrepresent how the Debtor scheduled the value of the Property, which, on Schedule A to the Debtor's petition sets forth a value of $14,000,000, as of the Petition Date along with a notation that the "Value is estimated and subject to appraisal by a court of competent jurisdiction". To even suggest that the Debtor, or its counsel, perpetrated a fraud or failed to disclose material information is incongruous.

12. The Debtor submits that the analysis utilized by the Court in determining whether a plan was proposed in good faith pursuant to 1129(a)(3) is relevant in this instance, as after a thorough confirmation hearing, this Court determined that the Plan complied with all applicable provisions of Section 1129 of the Bankruptcy Code including that the Plan was proposed in good faith pursuant to 1129(a)(3).

13. While the Bankruptcy Code does not define good faith, courts in the Second Circuit widely follow the maxim that good faith is satisfied when the proposed plan is "proposed with honesty and good intentions and with a basis for expecting that a reorganization be effected," *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988) (internal quotations and citations omitted). While "good faith" is the predominant factor courts use to determine

whether a plan of reorganization satisfies section 1129(a)(3), the statute also requires that the plan is proposed "not by any means forbidden by law." 11 U.S.C. 1129(a)(3). This has been interpreted to mean that the proposal of the actual plan must comply with all applicable law, not whether "the ends achieved in the plan contravene non-bankruptcy law." *20 Bayard*, 445 B.R. at 96; *see also J.P. Morgan Chase Bank, N.A. v. Charter Communs. Oper., LLC*, 419 B.R. 221, 261 (Bankr. S.D.N.Y. 2009) ("plain language of section 1129(a)(3) does not require that the [p]lan's contents comply in all respects with the provisions of all nonbankruptcy laws and regulations because it speaks only to the proposal of a plan") (internal citations and quotations omitted).

14. Even if the Court were to make a finding of fraud, which the Debtor does not believe is appropriate, the determination to revoke a confirmation order is discretionary and Courts have applied the doctrine of mootness to protect innocent parties who acquired rights in good faith reliance on a confirmation order. "If a court cannot fashion a revocation order that protects innocent parties who acquired rights in reliance on the confirmation order, the court is barred from revoking the confirmation order – even if the order was procured by fraud." *Varde Inv. Partners L.P. v. Comair, Inc.* (I*n re Delta Airlines, Inc*., 386, B.R. 518, 532 (Bankr. S.D.N.Y. 2008). After the Debtor's Plan was confirmed, and a plan administrator appointed, the Property was sold to an unrelated third party purchaser in November 2013. This third party purchaser took title to the Property, post confirmation and post substantial consummation, and relied upon the finality of the Confirmation Order and the fact that no stay pending appeal was in place. The purchaser's rights would be substantially impacted by the revocation of the Confirmation Order and might be irrevocably prejudiced. Ultimately, no effective form relief can be fashioned by revoking the Confirmation Order, as unwinding this sale transaction would

be both impractical and inequitable. Consequently, it is submitted that the Amended Complaint and the relief requested therein is moot and should be dismissed with prejudice.

**Rule 12(b)(6) Standard of Review**

15. Rule 12(b)(6), which is incorporated by Bankruptcy Rule 7012(b), provides, in pertinent part, that a complaint should be dismissed "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the court must "accept as true all material facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F. 3d 229 at 237 (2d Cir. 2007). However, a pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In fact, it has been held that a court should "give no credence to plainttiff's conclusory allegations." *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002).

16. Plaintiffs have failed to meet their burden and the legal basis to establish that the Confirmation Order was procured by fraud and should be revoked. The Amended Complaint fails to evidence any lack of disclosure or misrepresentation of information by the Debtor in the confirmation process. The Amended Complaint fails to meet the above standards and should be dismissed with prejudice.

## CONCLUSION

17. It must finally be noted that the Amended Complaint, like the disclosure statement

objection, the confirmation objection, the Motion to Vacate the Confirmation Order and the appeal, were ill conceived. The Metropolitan Group fails to recognize that the Property is and was encumbered by mortgages for which both the Debtor and Emmons Avenue were obligated. Setting aside the realities and practicalities of revoking the Confirmation Order since the Property has been sold to an independent 3rd party, if the Confirmation Order is revoked, and the *status quo ante* restored, the secured creditor would simply proceed with its foreclosure action. In this circumstance, the result would be no distribution at all to any creditors. Therefore, the unintended result of the relief requested being granted will leave all creditors junior to the secured creditor being wiped out in the foreclosure proceeding.

18. As stated herein, the Amended Complaint fails to state a cause of action upon which relief may be granted. The Amended Complaint is yet another installment in a series of pleadings filed by the Metropolitan Group in this Debtor's case in an attempt to obtain for itself a better result than the Plan provided. The Amended Complaint fails to establish any new information or any valid basis for the Confirmation Order to be revoked. The record of the confirmation hearing was exhaustive and provided all parties with a fair opportunity to be heard and the objection that the Plan was not filed in good faith was thoroughly considered and overruled. The Plan has been substantially consummated and the Property conveyed. The Plaintiffs are precluded from raising issues already decided against them. The Debtor respectfully submits that for all of the reasons stated herein that the Amended Complaint be dismissed in its entirety, with prejudice.

**WHEREFORE**, the Debtor respectfully requests entry of an order dismissing the Amended Complaint with prejudice and granting the Debtor such other and further relief as is just and proper.

DATED: New York, New York
July 30, 2014

                                        **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
                                        **Attorneys for the Debtor**
                                        875 Third Avenue, 9th Floor
                                        New York, New York 10022
                                        Tel. No.: 212-603-6300

                                        By: /s/ A. Mitchell Greene
                                                **A. Mitchell Greene**