UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

**EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC,**
                                  Chapter 11
                                  Case No.: 1-12-46321
           Debtor


-----------------------------------------------------------X

**METROPOLITAN ESTATES, INC.,
ALEX DIKMAN,
ALBERT WILK d/b/a WILK REAL ESTATE, LTD.,
and METROPOLITAN ESTATES, INC., ALEX
DIKMAN, and ALBERT WILK
 derivatively on behalf of EMMONS
AVENUE, LLC**

                           **Plaintiffs,**

vs.                                                                    Adversary No. 14-01003

**EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC**
                **Defendant.**
-----------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO RULE 12 MOTION BY THE DEFENDANT**

The plaintiffs METROPOLITAN ESTATES, INC., ALEX DIKMAN,ALBERT WILK d/b/a WILK REAL ESTATE, LTD.,and METROPOLITAN ESTATES, INC., ALEX DIKMAN, and ALBERT WILK derivatively on behalf of EMMONS AVENUE, LLC, through their counsel Karamvir Dahiya of Dahiya Law Offices LLC respectfully submit the following in opposition to the motion of the debtor-defendant.

The movant, Emmons-Sheepshead Bay Development, LLC, the debtor-defendant does not address the issue and causes of action raised in the amended

1

complaint. The motion of the defendant is nothing more than conclusory assertions, for instance, the debtor states: "In this Debtor's case, the Confirmation Order was not procured by fraud," however does not explain.

The debtor's property has not been sold to the third unknowing party, rather the third entity, upon information and belief was created by the debtor's counsels. The plan as proposed and filed by the debtors was that the property units shall be sold piecemeal as when buyers become available. See the Confirmed Plan. This plan wholly immediately changed when there was motion filed challenging the confirmation of the plan. The Plan proponents moved to transfer immediately all the units in one transaction and in the hearing before this Court, the counsel for the debtor took the plea that the plan has been consummated and its too late to challenge. However, it was pointed out that consummation of the plan does not mean a contracting to sell the property, rather it is a defined term, i.e. "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan. 11 U.S.C. §1101. However none of these elements were satisfied. Even now, the movant does not tell us who this distinct and unrelated entity is.

It is but hornbook rule that the properties sold in bankruptcy must realize maximum possible value for the estate. The debtor is a fiduciary, with duties to the court, the estate, creditors and other constituencies. Under section 1107 and the bankruptcy case law, a debtor in possession, is a fiduciary. See *Commodity Futures Trading Com. v. Weintruab*, 471 U.S. 343, 352-53, (1985)("Willingness to leave

2

the debtor-in-possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee."); *Coastal Virginia Bank v. March* ( In re March), 995 F.2d 32, 34 (4th Cir. 1993) ("debtor in possession . . . is acting as a trustee for all his creditors); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990)(debtor-in-possession is clothed with all powers of trustee"). Also the debtor is obliged to protect and conserve property in its possession, as well as provide voluntary and honest disclosure of financial information. In re *Sal Causco Cheese, Inc.* 107 B.R. 808 (Bankr. NDNY 1989). Here, there was no proper disclosure, not proper marketing of the property to be sold.

The assets of the estate were not truly sold, but have been parked with a sham third party. If the value of the estate was to be maximized, why was the property not sold to the highest bidder? It is not a purchaser who has acted in good faith, when the purchaser is assisting the debtor to void any challenge to the transfer.

The Court is very aware how this bankruptcy confirmation was rushed and statements were made by the debtor and its officers which were not true. The opposition and objection was hushed with misleading statements characterizing the grievances of the plaintiff as personal to debtor's principal, Jacob Pinson. The third party buyer, as created for an *adhoc* transfer cannot be deemed to be acting in good faith or a good faith buyer. It is clear that the a purchaser would not be acting in good faith if it bought property to which it knew the debtor did not have a good title. *EDC Holdings Co.*, 676 F.2d at 947. Purchaser is to evince good faith, beyond showing a lack of fraud, collusion and unfair advantage. *Rock Indus.*, 572 F.2d at 1198; In re *Mark bell Furniture Warehouse*, 992 F.2d 7, 8 (1st Cir. 1992); Colony Hill, 111 F.3d at 276-278; *In re New York Trap Rock Corp.*, 42 F3d, 747, 752 (2nd Cir. 1994); *In re Trism*, 328 F.3d 1003, 1007-08 (8th Cir. 2003). There is

3

a collusion between the debtor and the buyer, as the third party was raised for the sole purpose to driving the property out of reach of the challenging creditor. *In re Tri-Cran Inc.,* 98 BR 609, 611 ( Bankr. D. Mass. 1989) (collusive scheme concealed from the court). The Court must look on the fiduciary duties this debtor and its officers relating to failure to disclose to creditors and the court the existence of qualified purchasers. See *In re Tenn-Fla Parners,* 170 B.R. 946, 972 (Bankr. W.D. Tenn. 1994).

The movant states that "the Court has already determined [imposition of constructive trust] this is an inaccurate reading of the decision." However we do not see any decision of this Court to that effect and Court's remarks without being a decision are not given preclusive effect. There is no formal determination by this Court of the issue of imposition of a constructive trust and fraudulent conveyance. The plaintiff did not have an opportunity, were not granted an opportunity and did not have the benefit of disclosures. The plaintiff allegations are not mere allegation, but are but a reflection of how the debtor was used as a conduit to sell assets. The State Court has already found after the discovery that it was a fraudulent conveyance and the state court did not enter the decision against the debtor owing to the bankruptcy filing. **Ex. A.**

Fraud has been properly and adequately alleged. Fraud was also committed on the Court when it was declared on the date of the plan confirmation stating that the investors would walk away if the plan was not confirmed. Fraud was also committed when it was alleged in the Court that the value of the property has gone down and that rain continues to damage the property, when in fact there was no damage to the property owing to rain. **Ex. B.** *Virgilio Flores, S.A. v. Jerome Radelman, Inc.,* D.C.N.Y.1982, 567 F.Supp. 577 (The complaint set forth a prima facie case of fraud under New York law in view of the allegation of misrepresentation of a material fact, scienter, reliance, and injury). The

4

Bankruptcy Court went past its operational hour, under pressure, to confirm the plan.

Debtors and it counsel also made statements to the Court that they are negotiating in good faith with the then plaintiff's counsel, while in reality they were just buying time so that they do not have to disclose to the plaintiffs and have the plan confirmed.

Here, not even single books or records were shared with the plaintiffs. The movants cannot use Rule 12 (b)(6) when they have exclusive custody and control of records of the debtor. "The *Twombly* plausibility standard * * * does not prevent a plaintiff from 'pleading facts alleged on information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 120 (2d Cir. 2010). Taken as whole the Complaint has proper allegation to allege that the fraud was committed on the parties and the Court for self-serving interests. "[T]he Court must read the allegations of the proposed amended complaint as a whole, as opposed to parsing the allegations 'piece by piece to determine whether each allegation, in isolation, is plausible.'" *Gould v. Citi Mortg., Inc.*, 2011 WL 7615124, *5 (D. Minn. 2011), quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).§ 1216Statement of the Claim—Significance of "Claim for Relief", 5 Fed. Prac. & Proc. Civ. § 1216 (3d ed.)

The debtor claims that it disclosed everything, but it did not do so. Debtor had sold the properties even on eve of filing bankruptcy, also had concealed the fact of the value of the sale of the apartment which was clearly fraudulent. **Ex. C. See Attached Transcript of Mr. Pinson's family member, page 26.** Debtor's counsel states nothing about the value of the underlying asset jumping from $14,000,000 to more than doubling. Such estimation fails to meet credibility.

5

Debtor asserts that revocation is discretionary, however it is so only when some innocent party is the buyer of the assets or has acquired interest without knowledge of the bankruptcy dispute. Here, the buyer is just an extension of the debtor, created on an ad-hoc basis to park the assets. The assets are where they were. Initial plan called for sale of the units one by one, the second incarnation of the plan was sale of the assets to a third entity to be sold in the market, however the assets are not being sold. It amazing that not even a single sentence has been provided to or about this alleged third party identity, its birth, its owners and its management of the assets.

When the Debtor and its officers, counsels control the facts and did not provide any discovery and the creditors were at best left with speculation, the Amended Complaint with its contention is more than enough to be viable. Wherefore this motion be denied in its entirety.

Dated: September 8, 2014

s/
Karamvir Dahiya for plaintiffs