UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

In re:                                              Chapter 11

EMMONS-SHEEPSHEAD BAY                                Case No. 12-46321-ess
DEVELOPMENT LLC,

                Debtor,

--------------------------------------------------------------------x
METROPOLITAN ESTATES INC., ALBERT WILK,
derivatively on behalf of EMMONS AVENUE, LLC,
ALEX DIKMAN, and ALBERT WILK *dba*
WILK REAL ESTATE, LTD.,

            Plaintiffs,

                                     Adv. Pro. No. 14-01003-ess

      -against-

EMMONS-SHEEPSHEAD BAY
DEVELOPMENT LLC,

           Defendant.
--------------------------------------------------------------------x

## ORDER DISMISSING THE AMENDED COMPLAINT
## AND DENYING LEAVE TO REPLEAD

WHEREAS, on August 30, 2012, Emmons-Sheepshead Bay Development, LLC, filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtor was the sponsor of a condominium development, "The Breakers at

Sheepshead Bay Condominium," located at 3112 Emmons Avenue, Brooklyn, New York (the

"Property"), which was the primary asset of the Debtor; and

WHEREAS, on July 3, 2013, the Court entered an order (the "Confirmation Order")

confirming the Debtor's plan of reorganization dated April 5, 2013; and

WHEREAS, on July 17, 2013, Metropolitan Estates, Inc., Albert Wilk *dba* Wilk Real

Estate, LTD, Albert Wilk on behalf of Emmons Avenue, LLC, and Alex Dixman (the "Plaintiffs")

filed a motion to reconsider or vacate the entry of the Confirmation Order (the "Motion to Vacate

Confirmation"); and

WHEREAS, on August 28, 2013, the Court denied the Plaintiffs' Motion to Vacate

Confirmation; and

WHEREAS, on September 9, 2013, the Plaintiffs filed a notice of appeal of the Court's

denial of the Motion to Vacate Confirmation to the United States District Court for the Eastern

District of New York; and

WHEREAS, on November 26, 2013, the Property was sold to a third party, 3112 Emmons

Lofts, LLC, pursuant to the Confirmation Order and the Debtor's confirmed plan of

reorganization; and

WHEREAS, on January 6, 2014, the Plaintiffs commenced this adversary proceeding by

filing a complaint against the Debtor (the "Defendant"), seeking revocation of the Confirmation

Order pursuant to Bankruptcy Code Section 1144; and

WHEREAS, on April 17, 2014, with leave of the Court, the Plaintiffs filed an amended

complaint (the "Amended Complaint"); and

WHEREAS, on July 30, 2014, the Defendant filed a motion to dismiss the Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"); and

WHEREAS, on September 8, 2014, the Plaintiffs filed opposition to the Motion to

Dismiss; and

WHEREAS, on September 9, 2014, the Court held a pre-trial conference and hearing on

the Motion to Dismiss, at which the Defendant and the Plaintiffs, each by counsel, appeared and

were heard; and

2

WHEREAS, on September 23, 2014, the District Court denied the Plaintiffs' appeal of the Court's order denying their Motion to Vacate Confirmation, *Emmons-Sheepshead Bay Memorandum and Order*, 13-CV-5430 (E.D.N.Y. Sept. 23, 2014); and

WHEREAS, on October 17, 2014, the Defendant filed a Reply to the Plaintiffs' opposition to the Motion to Dismiss; and

WHEREAS, on November 25, 2014, the Court held a continued hearing on the Motion to Dismiss, at which the Defendant and the Plaintiffs, each by counsel, appeared and were heard and the Court closed the record and adjourned the hearing until December 12, 2014; and

WHEREAS, on December 12, 2014, the Court held a continued hearing on the Motion to Dismiss, at which the Defendant and the Plaintiffs, each by counsel, appeared and were heard and the Court issued an oral decision granting the Motion to Dismiss, which is incorporated by reference herein.

## *The Applicable Legal Standards*

WHEREAS, Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, states that a complaint must contain a claim upon which relief can be granted; and

WHEREAS, as the United States Supreme Court has explained, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

WHEREAS, when a complaint states a claim sounding in fraud, Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead fraud with particularity. *See Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987); and

3

WHEREAS, while intent may be alleged generally, the Second Circuit has held that a plaintiff must nonetheless "allege facts that give rise to a strong inference of fraudulent intent." *Morgenstein v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 462 B.R. 494, 506 (Bankr. S.D.N.Y. 2012) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); and

WHEREAS, Bankruptcy Code Section 1144 provides that "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall . . . contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation . . ."; and

WHEREAS, as courts in this Circuit have recognized, "[t]o secure relief under section 1144 of the [Bankruptcy] Code, a movant must point to specific acts of the debtor evidencing actual fraudulent intent . . . . Inference, without more, is insufficient." *In re Motors Liquidation Co.*, 462 B.R. at 505; and

WHEREAS, as courts in this Circuit have also explained, "If a court cannot fashion a revocation order that protects innocent parties who acquired rights in reliance on the confirmation order, the court is barred from revoking the confirmation order – even if the order was procured by fraud." *Varde Inv. Partners L.P. v. Comair, Inc. (In re Delta Air Lines, Inc.)*, 386 B.R. 518, 532 (Bankr. S.D.N.Y. 2008); and

WHEREAS, as courts in this Circuit have observed, "given concerns about the finality of a confirmed plan, it is well established that a confirmation order may be revoked only if it was

4

procured by fraud." *Baeshen v. Arcapita Bank B.S.C.* (*In re Arcapita Bank B.S.C.)*, 2014 WL

6435522, at *7 (Bankr. S.D.N.Y. Nov. 17, 2014); and

WHEREAS, Federal Rule of Civil Procedure 15, made applicable to adversary

proceedings by Federal Rule of Bankruptcy Procedure 7015, gives the court wide discretion to

grant or deny leave to replead.  As the Second Circuit has explained, "It is proper to deny leave to

replead . . . where there is no merit in the proposed amendments or amendment would be futile."

*Cohen v. Singer*, 4 Fed. App'x 38, 40 (2d Cir. 2001).

*Whether Count One States a Plausible Claim for Relief Under Bankruptcy Code Section 1144 or*
*Otherwise States a Plausible Claim To Revoke the Confirmation Order*

WHEREAS, the record shows that in Count One of the Amended Complaint the Plaintiffs

seek relief under Bankruptcy Code Section 1144 and allege, among other things, that the

Defendant misled the Court about the value of the Property and, in so doing, persuaded the Court

that its plan was proposed in good faith as required by Bankruptcy Code Section 1129; and

WHEREAS, courts have held that, in the context of Section 1144, a party may allege fraud

by establishing the following elements: "(1) a representation . . . by the [the plan proponent]

regarding compliance with Section 1129; (2) which was materially false; (3) that was either

known by the debtor to be false, or was made without belief in its truth, or was made with reckless

disregard for the truth; (4) that was made to induce the court to rely upon it; (5) that the court did

rely upon it; and (6) that as a consequence of such reliance, the court entered a confirmation

order." *Tenn-Fla Partners v. First Union Nat'l Bank of Florida (In re Tenn-Fla Partners)*, 229

B.R. 720, 730 (W.D. Tenn. 1999), *aff'd*, 226 F.3d 746, 750 (6th Cir. 2000); and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs have

not alleged facts sufficient to show that the Debtor made a materially false representation to the

Court as to the value of the Property; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs have not alleged with particularity facts sufficient to show that the Debtor had actual fraudulent intent; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs have not alleged facts sufficient to show that the Debtor intended to induce the Court to rely on a misrepresentation as to the value of the Property, or that the Court relied on such a misrepresentation about the value of the Property, or that any such reliance by the Court procured the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not allege, with particularity where required, facts sufficient to show fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that Count One does not state a plausible claim for relief under Section 1144; and

WHEREAS, based on the entire record, the Defendant has shown that Count One does not otherwise state a plausible claim to revoke the Confirmation Order.

*Whether Count Two States a Plausible Claim for Relief Under Bankruptcy Code Section 1144 or Otherwise States a Plausible Claim To Revoke the Confirmation Order*

WHEREAS, the record shows that in Count Two of the Amended Complaint the Plaintiffs seek relief under Bankruptcy Code Section 1144 and allege, among other things, that the Property was not property of the Debtor's estate, that the Property was subject to a constructive trust, and that the Debtor made misrepresentations to the Court about the ownership history of the Property; and

WHEREAS, the record shows that the Plaintiffs presented similar allegations and arguments to the Court in an objection to the Debtor's initial disclosure statement, in an objection to the Debtor's amended disclosure statement, and in an objection to confirmation of the Amended Plan, and that each of those objections was heard, considered, and overruled by the Court; and

WHEREAS, the record does not indicate that a state court judgment finding that a constructive trust existed with respect to the Property was entered prior to the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not allege facts sufficient to show a material misrepresentation by the Debtor; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not allege with particularity facts sufficient to show fraudulent intent by the Debtor; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs have not alleged facts sufficient to show that the Debtor intended to induce the Court to rely on a misrepresentation as to the value of the Property, or that the Court relied on such a misrepresentation about the value of the Property, or that any such reliance by the Court procured the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not allege, with particularity where required, facts sufficient to show fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that Count Two does not state a plausible claim for relief under Section 1144; and

WHEREAS, based on the entire record, the Defendant has shown that Count Two does not otherwise state a plausible claim to revoke the Confirmation Order.

*Whether Count Three States a Plausible Claim for Relief Under Bankruptcy Code Section 1144 or Otherwise States a Plausible Claim To Revoke the Confirmation Order*

WHEREAS, the record shows that in Count Three of the Amended Complaint the Plaintiffs seek relief under Bankruptcy Code Section 1144 and allege, among other things, that the Debtor's Amended Plan violates the absolute priority rule, that the Debtor colluded with its principal, its counsel, and/or its creditors to abuse the bankruptcy process, and that the Debtor withheld information about the eventual sale of the Property pursuant to the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs' allegations with respect to the absolute priority rule are not related to or probative of fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs' allegations with respect to an alleged conspiracy are conclusory and not sufficiently particular to state a plausible claim of fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs' allegations with respect to events after the entry of the Confirmation Order are not related to or probative of allegations of fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that Count Three does not state a plausible claim for relief under Section 1144; and

WHEREAS, based on the entire record, the Defendant has shown that Count Three does not otherwise state a plausible claim to revoke the Confirmation Order.

*Whether Count Four States a Plausible Claim for Relief Under Bankruptcy Code Section 1144 or Otherwise States a Plausible Claim To Revoke the Confirmation Order*

WHEREAS, the record shows that in Count Four of the Amended Complaint the Plaintiffs

seek relief under Bankruptcy Code Section 1144 and allege that the Court's denials of their

discovery requests and the Debtor's withholding of material information and negotiating in bad

faith constitute a due process violation and grounds for revoking the Confirmation Order; and

WHEREAS, as courts in this Circuit have found, Section 1144 expressly limits the basis

for revocation of a confirmation order to fraud, noting that "given concerns about the finality of a

confirmed plan, it is well established that a confirmation order may be revoked only if it was

procured by fraud." *In re Arcapita Bank B.S.C.*, 2014 WL 6435522, at *7 (Bankr. S.D.N.Y. Nov.

17, 2014); and

WHEREAS, the District Court held that due process claims by the Plaintiffs, substantially

similar to those alleged in the Amended Complaint, were not meritorious and further held that "the

bankruptcy court assiduously protected Metropolitan's due process rights during the proceedings

below and Metropolitan participated aggressively at each stage of the pre-confirmation bankruptcy

process. The premise that Metropolitan was denied due process is simply unsupportable."

*Emmons-Sheepshead Bay Memorandum and Order*, 13-CV-5430, at *17; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not

allege, with particularity where required, facts related to discovery during the Debtor's bankruptcy

case sufficient to show fraud in the procurement of the Confirmation Order; and

WHEREAS, based on the entire record, the Defendant has shown that Count Four does not

state a plausible claim for relief under Section 1144; and

WHEREAS, based on the entire record, the Defendant has shown that Count Four does not

otherwise state a plausible claim to revoke the Confirmation Order.

*Whether the Court Can Craft a Revocation Order Able To Protect Any Entity Acquiring Rights in Good Faith Reliance on the Confirmation Order*

9

WHEREAS, in order to state a plausible claim for relief pursuant to Section 1144, a plaintiff must show that the court can craft an effective remedial order that is able to "protect any entity acquiring rights in good faith reliance on the order of confirmation;" and

WHEREAS, the record shows that the Plaintiffs seek relief including the entry of an order that rescinds the sale of the Property to 3112 Emmons Lofts, LLC (the "Buyer"); and

WHEREAS, the Plaintiffs allege that the Buyer is not an innocent or outside party, but rather a "sham" entity created as part of a conspiracy by the Debtor and counsel; and

WHEREAS, the Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; and

WHEREAS, based on the entire record, the Defendant has shown that the Plaintiffs do not allege facts sufficient to establish a plausible claim that the Court could grant the relief they seek, while protecting the rights of the Buyer acquired in good faith reliance on the Confirmation Order.

*Whether the Court Should Exercise its Discretion Under Section 1144 in Favor of Dismissing the Amended Complaint*

WHEREAS, revocation pursuant to Section 1144 is "discretionary," and "the court may, but need not, revoke the confirmation order if it finds fraud." *In re Trico Marine Servs., Inc.,* 337 B.R. 811, 814 (Bankr. S.D.N.Y. 2006); and

WHEREAS, the record shows that the Plaintiffs have previously litigated the issues presented in the Amended Complaint, including in an objection to the Debtor's initial disclosure statement, in an objection to the Debtor's amended disclosure statement, and in an objection to confirmation of the Amended Plan, and that each of those objections was heard, considered, and overruled by the Court; and

10

WHEREAS, the record also shows that in their appeal of this Court's denial of the Motion to Vacate Confirmation, the Plaintiffs litigated in the District Court some of the issues presented here in the Amended Complaint, and that the District Court denied relief sought here by the Plaintiffs; and

WHEREAS, based on the entire record, the Defendant has shown that the circumstances of this case indicate that the Court should dismiss the Amended Complaint because it would be impractical and inequitable to revoke the Confirmation Order.

_Whether the Plaintiffs Should Be Granted Leave to Replead_

WHEREAS, pursuant to Federal Rule of Civil Procedure 15, "It is proper to deny leave to replead . . . where there is no merit in the proposed amendments or amendment would be futile." _Cohen v. Singer_, 4 Fed. App'x 38, 40 (2d Cir. 2001); and

WHEREAS, the Defendant has shown that the Plaintiffs have not demonstrated an ability to assert plausible and, where required, particular allegations of a meritorious claim of fraud in the procurement of the Confirmation Order, or the ability to state a claim for relief pursuant to Section 1144; and

WHEREAS, the record shows that the Court granted the Plaintiffs leave to amend their original Complaint; and

WHEREAS, the record also shows that the allegations in the Amended Complaint have been argued before and addressed by this Court several times, including in connection with the Plaintiffs' objection to the Debtor's disclosure statement, their objection to the Debtor's second amended disclosure statement, their objection to the Debtor's Amended Plan, and the Plaintiffs' Motion to Vacate Confirmation and their appeal of the Court's denial of that motion, as well as before the District Court; and

11

WHEREAS, leave to replead would require the Debtor to continue to bear the costs of relitigating allegations that are without merit and have already been determined; and

WHEREAS, based on the entire record, the Defendant has shown that leave to amend the Plaintiffs' Amended Complaint would be futile.

NOW, THEREFORE, it is hereby

ORDERED, that based on the entire record and for the reasons set forth above and in the Court's oral decision on December 12, 2014, the Adversary Complaint is dismissed in its entirety with prejudice and the Plaintiffs are denied leave to replead.



**Dated: Brooklyn, New York**
**December 19, 2014**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**

TO:

Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane
Suite 506
New York, NY 10038

Arnold Mitchell Greene and Lori A Schwartz
Robinson Brog Leinwand Greene et al
875 Third Avenue
9th Floor
New York, NY 10022

Marylou Martin
U.S. Trustee's Office for the EDNY
201 Varick Street
Suite 1006
New York, NY 10014