UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x Chapter 11

In re:
                                                Case No. 12-46321-ess

EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC,

                      Debtor,
-------------------------------------------------------------------x Adv. Pro. No. 14-01003-ess

METROPOLITAN ESTATES INC., ALBERT WILK,
derivatively on behalf of EMMONS AVENUE, LLC,
ALEX DIKMAN, and ALBERT WILK *dba*
WILK REAL ESTATE, LTD.,

                      Plaintiffs,
-against-

EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC,

                      Defendant.
-------------------------------------------------------------------x

**NOTICE OF MOTION TO RECONSIDER AND OR ALTER, VACATE THE
JUDGMENT AND TO PROVIDE FINDING.**

     PLEASE TAKE NOTICE THAT the METROPOLITAN ESTATES INC., ALBERT WILK, derivatively on behalf of EMMONS AVENUE, LLC, ALEX DIKMAN, and ALBERT WILK *dba* WILK REAL ESTATE, LTD., shall move the bankruptcy Court under Bankruptcy Rules 9023, 9024 and 7052 for relief of vacatur or alteration or reconsideration of the decision dismissing the complaint with prejudice and provide/amend findings.

     A hearing has been scheduled in this matter on March 27, 2015 at 10:00 AM before Hon. Elizabeth S. Stong, Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York located at 271 Cadman Plaza East, Brooklyn New York.

Dated: January 5, 2015

                                                /s/karamvir Dahiya

                                                _____
                                                KARAMVIR DAHIYA for Ptfs.

Notice to:
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 3rd Avenue #9, New York, NY 10022,

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x Chapter 11

In re:
                                            Case No. 12-46321-ess


EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC,

                    Debtor,
-------------------------------------------------------------------x Adv. Pro. No. 14-01003-ess

METROPOLITAN ESTATES INC., ALBERT WILK,
derivatively on behalf of EMMONS AVENUE, LLC,
ALEX DIKMAN, and ALBERT WILK dba
WILK REAL ESTATE, LTD.,

                    Plaintiffs,
-against-


EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC,

                    Defendant.
-------------------------------------------------------------------x
```

## AFFIRMATION IN SUPPORT

METROPOLITAN ESTATES INC., ALBERT WILK, derivatively on behalf of EMMONS AVENUE, LLC, ALEX DIKMAN, and ALBERT WILK *dba* WILK REAL ESTATE, LTD., (Collectively "Plaintiffs") through their counsel Karamvir Dahiya of Dahiya Law Offices LLC, respectfully submit the following:


1. On December 19, 2014, this Court dismissed the above mentioned Amended Adversary Proceeding with prejudice. The dismissal with prejudice was not warranted and the said dismissal has resulted in the serious miscarriage of justice.

2. This Adversary Proceeding could not have had more detailed information, as the proprietor of the Debtor, EMMONS-SHEEPSHEAD BAY DEVELOPMENT LLC, or the Defendant along with its team of lawyers were in control of all facts and numbers. When defendant control

3

facts, plaintiffs contentions could not have been dismissed for lack of any evidentiary basis, rather the Plaintiffs should have been allowed to proceed with discovery.   As there was no due process granted in and towards the confirmation of the Chapter 11 plan, it is the second time that the parties with serious stake in the case were not given an opportunity. Opportunity means a chance to open look into the operational aspect of the debtor and bonafides of the buyer.  It is the contention of the plaintiffs that there is no bonafide sale or buyer of the estate property—it is one Man Show: Jacob Pinson controlled, monitored and transacted this property with the assistance of his legal counsels under the blessings of the bankruptcy Chapter 11 confirmed plan sale.

3.     There is actually NO SALE of the estate property.  Upon information and belief, the allegedly sold property was not sold through open auction as the debtor's original and extant owner would have lost control.  Since it is the same owner with different name and form, the bonafide arms length purchaser protection cannot be extended to the instant buyer of the entire estate property.

4.     The plaintiffs desperately sought discovery from the debtor's owner and its counsel, none came.  For one reason or the other, their genuine demand and procedural rights were sidelined.  Even their motion to compel discovery was never disposed off on merits.

5.     The Bankruptcy Court in its oral decision talked about the due process compliance as observed by the appellate court, (District Court), however district court observation was not based on full record and it also did not have the benefit of supervising the entire confirmation issues of the Plan and pending motions.

6.     This Court also talked at length about the laws of pleadings and other cases laws about the third party acquiring rights owing to the purchase, however respectfully it did not gain traction with the underlying facts.  Court did not make a finding that the buyer of the property is a bonafide third party.  Court made an observation in its decision that the plaintiff received due process despite full knowledge that  no discovery was given to the plaintiffs. The plaintiffs trusted the system and went along with this Court exhortation that the parties negotiate and settle.   We looked at the discovery response of the debtor's counsel, it does not rise above mockery of the system—the defendant's counsel found the demands to be irrelevant or too

4

broad, vague etc. and also misled this Court by mischaracterizing the issues as dispute between Mr. Jacob Pinson and the plaintiffs.

7.     Also this Court completely ignored the fact that the property of the debtor was actually a fraudulently acquired interest. This Court should have construed the facts and imposed a trust in favor the plaintiffs. This Court completely ignored the fact. Just because a State Court had not announced a declaration of fraudulent conveyance, that does not mean the debtor was the rightful owner of the property and its claim was untainted. The properties claimed to be estate property never properly belonged to the bankruptcy estate. The Court reached improper findings and upon facts created by the debtor rather than those existing on its own.

8.     Bankruptcy Rule 7052, which incorporates Rule 52 of the Federal Rules of Civil Procedure, provides that "[o]n a party's motion . . . , the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Bankr. P. 7052(b).  The purpose of Rule 52(b) "is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Comm.,* Inc., 899 F.2d 119, 123 (1st Cir. 1990).  This case is appropriate for such remedy, as the debtor was not the lawful owner of the property, constantly misled this Court and the parties. And upon information and belief, the property is still with same owner, Jacob Pinson, personally and through his relatives or through conduits created by him.

9.     Also when the facts are controlled by the defendant debtor, the stringent pleading standards of *Twombly/Iqbal* were neither applicable to the Plaintiffs nor the Court should have applied them. vRule 9023 incorporates by reference Fed. R. Civ. P. 59(e), which provides that a
motion to alter or amend a judgment may be filed no later than [14] days after entry of judgment. Wight v. BankAmerica Corp., 219 F.3d 79, 84 (2d Cir. 2000). A motion to alter or amend a judgment must show that the court "overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." Cioce v. County of Westchester, 2005 U.S. App. LEXIS 6587 (2d Cir. 2005), quoting Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC), 330 F.3d 111, 123 (2d Cir. 2003). Here the Court overlooked this material fact that, among others, debtor controlled all books and records, had

5

fraudulent acquired property and had not provided any discovery demanded in the bankruptcy process.

Wherefore, this Court is requested to vacate, alter or amend its decision dismissing the case with prejudice and also provide amended findings.

*/s/karamvir dahiya*
_____
Karamvir Dahiya, Esq for Ptfs.